## FAILURE OF CLERK TO ISSUE SUMMONS IN ERROR.

Common Pleas Court of Franklin County.

THE STARK ELECTRIC RAILROAD COMPANY V. FRANK E. MCKEAN,
CLERK OF THE SUPREME COURT, AND THE MARY-
LAND CASUALTY COMPANY.*

Decided, December, 1914.

*Action on Bond of Clerk of Supreme Court—For Failure to Issue Summons in Error—Liability of the Clerk and His Surety—Manner in Which the Breach Should be Alleged—Averment of Legal Conclusion Rather than of Necessary Facts.*

1. The petition in an action for breach of an official bond should set forth the essential terms of the bond in ordinary and concise language, without the attaching of a copy of the bond as on exhibit.

2. When a precipe has been filed in proper form by counsel in a case which has been taken to the Supreme Court, it is the duty of the clerk to at once issue a summons in error and transmit it by mail or otherwise to the sheriff of the proper county; and failure of the clerk to issue summons at all, or to issue it in proper time, renders him liable with his surety for any damage which may accrue to the plaintiff in error in consequence thereof.

3. In an action on the bond of the clerk, an allegation that he failed to issue or cause summons to issue is not objectionable on the ground that it is an alternative allegation; but the averment that "no summons was issued on said petition in error from the office of said defendant clerk within the time required by law," fails to disclose the facts upon which the suit is based, but is in the form of a legal conclusion and is subject to demurrer.

*Webber & Turner* and *Arnold & Game,* for plaintiff.
*T. S. Hogan,* Attorney-General, contra.

KINKEAD, J.

This is an action on the bond of the defendant McKean, as clerk of the Supreme Court, in which it is sought to recover damages for his alleged negligence in failing to issue summons in error. The plaintiff prosecuted proceedings in error in the Supreme Court to reverse a judgment rendered against it for

*For second opinion on demurrer, see page 599.

the sum of $10,000 in the courts below. It filed its petition in error in the Supreme Court on May 29, 1913, at which time it alleges that it also filed with the clerk a precipe directing him to issue a summons in error to the sheriff of Mahoning county, to be served upon W. Noble Anderson, attorney of record for the defendant in error, returnable according to law, and to endorse thereon: "Proceeding in error to reverse the judgment of the circuit court in the above entitled action." It is averred that the petition and precipe were received by McKean on the above named date and that the plaintiff filed a transcript, the original papers and bill of exceptions with the clerk in the time required by law, and that it also filed the printed records and briefs as required.

It is then averred that the defendant, as clerk, "failed and neglected as directed in said precipe, to issue or cause summons in error to be issued thereon in said cause, to the sheriff of said Mahoning county, for the purpose of being served upon said defendant in error as and in the manner in said precipe directed." It is then claimed that the plaintiff suffered damages in the sum of $11,372.52.

A general demurrer is filed to the petition, which is the matter now before the court. Some criticism is made of formal matters in the petition, one being that a copy of the bond is embodied in the pleading and attached to it as an exhibit, it being contended that this is sanctioned by no rule of pleading. The whole bond is copied in the pleading, formal parts included.

The rule of pleading in such cases is that an instrument may be copied into a pleading whenever that mode of stating the facts does not introduce such an averment of irrelevant matter as to obscure the issue, incumber the record and unnecessarily increase the costs. If, in stating a cause, it becomes necessary to substantially set out the whole or any part of an instrument, this may be done. *Swan's Pl.*, 198-200; *Crawford* v. *Satterfield*, 27 O. S., 421.

In an action on an official bond, all that need be stated in the petition is the terms and conditions material to the cause, that is, so much of the bond as will disclose the breach of duty upon

which the cause of action is founded. This allegation may be made in the language of the bond, or it may be in the language of the pleader, setting forth the legal effect of the terms and conditions. Strictly speaking, the bond itself is evidence, the ultimate facts to be derived from its terms and conditions will consist in a deductive statement thereof. The common practice is to state such a cause in the language of the bond, although the rule of pleading the legal effect thereof is as proper now as under the old system.

The settled rule of practice forbids setting out a full copy of a bond, its formal parts, the oath and approval, because to do so is in violation of the requirements of the code that the petition shall plead the facts in ordinary and concise language (*State* v. *Collins*, 82 O. S., 240). Such instruments are not even properly attached to the petition as an evidence of indebtedness because it is not of that character within the meaning of the Code (*State* v. *Collins, supra*, p. 248). An action may be prosecuted on a certified copy of the bond (Code, Section 11242). The pleading should be reformed in these particulars, by pleading the essential terms of the bond in ordinary and concise language and omitting the copy attached as an exhibit.

The chief complaint made on the demurrer is as to the allegation of the petition that the defendant McKean "failed and neglected as directed in such precipe to issue or cause summons in error to be issued thereon in said cause to the sheriff of Mahoning county."

There are two objections made to this allegation, one being that it is alternative, susceptible of two distinct meanings, and the other that it is insufficient because there is no duty on the part of the clerk *to cause* a summons to issue.

Considering the objection that it is an alternative allegation, the opinion is expressed that the words "or cause" do not make it subject to such claim, the court regarding such words as mere surplusage, meaningless and of no legal sufficiency or effect upon the question presented by the petition.

Concerning the contention made that the duty is upon counsel for a petitioner in error to cause a summons to issue, the court is of opinion that this is not well taken. It will be con-

ceded that the sole duty of filing a precipe with the clerk is upon counsel. It will be conceded that the doctrine announced long ago by Wright, J., in *State* v. *Caffee*, 6 Ohio, 150 is correct. It was there held that:

"A clerk of the court is not bound to issue process without a written precipe is filed according to the statute."

When a precipe in proper form is filed by counsel in a proceeding in error, it is the duty of the clerk to at once issue the summons in error and transmit the same by mail or otherwise to the sheriff of the proper county. When such precipe is filed, the counsel and the plaintiff in error have performed all the duty that is required of them under the law, under ordinary circumstances and conditions. If, therefore, the clerk fails to issue such summons at all; or if he fails to issue the same in proper time so that the proceedings in error may be legally commenced within the time limited by statute therefore, and the action is dismissed by reason of the neglect of the clerk, there can be no doubt that he and his bondsmen are to be held for any damages that may accrue to the plaintiff in error. The circumstances disclosed by the facts of this case present an altogether different question from that involved in *McLarren* v. *Myers*, 87 Ohio State, 88, which is urged as a controlling authority here. The question involved in that case is altogether different from the one at bar. It was whether an action had been properly commenced or whether there had been an attempt to commence the action within the statute. In that case the time was nearly up within which the action could be commenced and this was known to counsel. Counsel also was advised that the clerk had been derelict in his duty in the issuance of a summons and had called upon the clerk at the last moment to urge him to issue the summons. The court observed, in deciding the case, that counsel ought to have waited and actually seen the clerk issue the summons instead of going away after requesting that it be issued and relying upon his promise. Further statement was made by Johnson, J.:

"But to the *issuance* of a summons, and as the burden rested on him to cause the summons to issue, it would seem that he

should have remained in the clerk's office (under the urgent circumstances in which he was placed and which he stated to the clerk) and should have seen that the summons was *actually* issued."

The burden does rest upon counsel to cause the summons to issue, and his duty, as before stated, is fully performed when he files a precipe, unless the case is filed under such circumstances as were present in *McLarren* v. *Myers*. The rule of that decision has no application to the question now before us. It is entirely clear that when a plaintiff in error through its counsel has filed all the necessary papers with the clerk of the Supreme Court, including the precipe directing that a summons in error be issued, and thereafter complies with the law by filing printed records and briefs, and the proceeding in error is dismissed because of the failure of the clerk to either issue a summons at all or to issue one not in compliance with the precipe and too late to properly commence the action within the limitation of the statute, the clerk is shown to be negligent in the performance of his official duty and renders himself and his bondsmen liable therefor.

It can not be contended with reason in this case that it was incumbent upon the plaintiff in error or its counsel to actually see that the clerk performed his duty. Judicial notice must be taken of the fact that most of the business of this nature done with the clerk of the Supreme Court is by mail or express, it being impossible in the ordinary course of events for counsel to personally see that the clerk performs his duty. Especially is it unreasonable to contend that counsel should see that the summons in error is issued, because it is well known that all summons in error are transmitted by the clerk of the Supreme Court through the mails.

Hence the conclusion respecting the allegation complained of is that it is not objectionable in substance although the words "or cause are" improper in form and may be well omitted.

Objection is made to the following allegation in the petition: "that by reason of such default and neglect upon the part of the said Frank E. McKean, clerk as aforesaid, no summons was issued or served upon the defendant in error, or upon counsel

for defendant in error, or in the manner and form by law provided, within the time by law required.'' The objection is that this allegation is a conclusion and does not state any fact. It is well taken, because it fails to state the specific fact whether a summons was actually issued, or whether if it was issued whether it was in proper time.

There are other objectionable allegations contained in the petition. That made as to the filing of the bill of exceptions ''as and in the manner by law required, and thereafter, and within the time by law required,'' etc. This fails to state the ultimate facts which will enable the court to determine whether all papers in the proceeding in error were filed within the time fixed by the statute.

Another allegation is as to the issuance of a summons as directed by the precipe, ''and as required by law.'' This does not state a fact.

The allegation as to the proceeding for the dismissal of the proceedings in error, viz: ''in that no summons was issued on said petition in error from the office of said defendant clerk within the time by law required as hereinbefore stated.'' This is a conclusion of law not stating any fact and is therefore improper. There is, in fact, nowhere in the petition a proper allegation of fact disclosing either whether any summons at all was issued, or if one was issued, whether it was issued within the time required by law. By reason of the fact that the foregoing allegations in the form of conclusions fail to state the especial facts, the court is of the opinion that the demurrer is well taken, and is therefore sustained.